NO. 07-12-0096-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 19, 2012
_____

MARK J. WATTLES,

Appellant

v.

MINERVA PARTNERS, LTD.,

Appellee
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-557,807; HONORABLE WILLIAM C. SOWDER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Mark J. Wattles (Wattles) appeals from an order denying his special appearance in a lawsuit filed by Minerva Partners, Ltd. (Minerva). The latter sued Wattles to recover upon a personal guaranty. We affirm the order.

*Background*

Minerva is a limited partnership with its principal place of business in Dallas, Texas. It entered into a lease agreement with Ultimate Acquisition Partners, L.P. (Ultimate), a Delaware limited partnership, for space in a Lubbock, Texas, shopping

center. Wattles, who resided in Las Vegas, Nevada, and was both an equity holder of Ultimate and chairman of its general partner, executed a personal guaranty in favor of Minerva. Through the document, he guaranteed repayment of the financial obligation incurred by Ultimate under the lease agreement.

Minerva eventually assigned the lease to Gill Holdings (Gill), but not the guaranty. Gill later reassigned the lease to Minerva so that the latter could enforce the guaranty. Apparently, Ultimate defaulted on the lease after making one payment. Upon Minerva suing Wattles, Wattles filed a special appearance claiming he was not subject to the personal jurisdiction of the Texas court. The trial court denied the plea, which led to this interlocutory appeal.

*Authority and Its Application*

The standard of review is *de novo. Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex. 2007). We further note that the defendant had the burden of negating all bases of jurisdiction alleged by the plaintiff. *Id.* at 574.

Next, personal jurisdiction may arise from the execution of one contract. *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 787 (Tex. 2005), and it is not necessary that the non-resident appear on Texas soil for the one contract to suffice. *Retamco Operating, Inc. v. Republic Drilling, Inc.,* 278 S.W.3d 333, 339-40 (Tex. 2009). However, there must be a showing that 1) the non-resident purposefully availed himself of the privilege of conducting activities in Texas, 2) the cause of action relates to or arises from those activities, and 3) the exercise of jurisdiction over the non-resident comports with traditional notions of fair play and substantial justice. *Id.* at 339-41. Incidentally, the exercise of personal jurisdiction over a non-resident seldom offends

2

traditional notions of fair play and substantial justice when the non-resident has purposefully established minimum contacts with the forum state. *Id.* at 341.

Here, the evidence illustrates that 1) the property subject to the lease was located in Lubbock, Texas, 2) Minerva relied upon Wattles' execution of the guaranty in leasing the property to Ultimate, 3) the guaranty recites that it was given to induce the execution of the lease, 4) Wattles, who signed the guaranty in his individual capacity, represented in it that he would "derive substantial direct benefits from the transactions contemplated by the Lease," 5) a representative of Wattles negotiated the terms of the guaranty on behalf of Wattles while the representative was in Dallas, 6) Wattles mailed a signed copy of the guaranty to Dallas, 7) Wattles agreed, via the guaranty, that the instrument would be "construed and enforced in accordance with the laws of the State in which the Premises are located," that state being Texas, 8) Wattles' obligation consisted of "absolutely, irrevocably and unconditionally guarantee[ing] that he will, on demand of Landlord, make the prompt and full payment of the Guaranteed Obligation" which includes "all amounts arising under the Lease that are owed by Tenant to Landlord accruing under the Lease," up to a limited amount, 9) Wattles agreed that the obligations under the guaranty "are independent of the obligations of the Tenant and of the obligations of any other guarantor or person" and the guaranty is "continuing and irrevocable," and 10) the controversy arises from and is founded upon the obligations allegedly imposed by the guaranty. The foregoing circumstances permit one to reasonably conclude that Wattles not only purposefully availed himself of the privilege of doing business in Texas but also had sufficient minimum contacts with that state which should have led him to reasonably expect to answer a suit in Texas. *See J. D. Fields &*

3

*Co. v. W. H. Streit, Inc.,* 21 S.W.3d 599, 604 (Tex. App.–Houston [1st Dist.] 2000, no pet.) (finding personal jurisdiction when the defendant guarantor telephoned a Houston office with the offer of guaranty to induce execution of a contract, personally guaranteed an indebtedness that was payable in Houston, and faxed a letter of guaranty to Houston); *Gubitosi v. Buddy Schoellkopf Products, Inc.,* 545 S.W.2d 528, 536 (Tex. Civ. App.–Tyler 1976, no writ) (finding personal jurisdiction when a guaranty agreement was mailed to Texas and the signing of the guaranty was a deliberate act which formed an inducement to execution of note agreements which were payable in Texas); *Mitchell v. Simpro, Inc.,* No. 14-01-0623-CV*,* Tex. App. LEXIS 7567, at *15-16 (Tex. App.–Houston [14th Dist.] November 8, 2001, no pet.) (not designated for publication) (holding that a guarantor submitted himself to the personal jurisdiction of Texas courts when he contacted the prospective recipient of a guarantee, executed the guarantee to induce Simpro to continue selling its products to an Atlanta business, sent it to Texas, and agreed that Texas law should control its enforcement). Moreover, we find nothing of record suggesting that the exercise of personal jurisdiction over Wattles would contravene traditional notions of fair play or substantial justice.

To defeat the trial court's exercise of jurisdiction, however, Wattles argues that the guaranty is void. And, because it is void, he is somehow shielded from the authority of a Texas court. To adopt such a contention as defeating personal jurisdiction would be akin to "putting the cart before the horse." The issue in question is whether the trial court can exercise personal jurisdiction over Wattles given his contacts with the state, not whether Minerva has a viable cause of action against him. Personal jurisdiction may exist even if the plaintiff ultimately loses his suit or has less than a certain claim. If

this was not so, then the trial court could effectively require Wattles to defend against or otherwise adjudicate the merits of the claim even if no personal jurisdiction existed. Simply put, the presence of personal jurisdiction is not dependent upon the merits of the underlying cause of action. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d at 790 (cautioning against "equating the jurisdictional inquiry with the underlying merits"). Nor does the authority cited by Wattles, that is *In re Modern Textile, Inc. v. P. M. Holdings Corporation,* 900 F.2d 1184 (8th Cir. 1991), suggest otherwise. Indeed, the existence of personal jurisdiction was not even an issue there.

We overrule Wattles' complaints and affirm the order of the trial court.


Brian Quinn
Chief Justice